**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.B. and K.H. o/b/o J.B., : | |
| : | Civil Action No. 09-5294 (SRC) |
| Plaintiffs, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| SOUTH ORANGE/MAPLEWOOD : | |
| BOARD OF EDUCATION, : | |
| : | |
| Defendant. : | |
| : | |

**CHESLER**, District Judge

This matter comes before the Court upon the parties' supplemental briefing on the issue of what relief the Court should order under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. The Court had previously concluded that the IDEA rights of Plaintiffs' minor daughter, J.B., were violated as a result of the ineligibility determination made by Defendant South Orange/Maplewood Board of Education ("Defendant" or the "School District"). The background of this case is amply set forth in the Court's Opinion of August 3, 2010 and, moreover, familiar to the parties. It suffices for purposes of the matter before the Court to note that by Order of August 3, 2010, the Court adjudicated the parties' cross-motions for summary judgment, granting summary judgment in Plaintiffs' favor on their claim that the School District had not complied with the IDEA in declassifying their daughter as disabled and eligible for special education services. While the Court found that the record demonstrated that J.B. had been deprived of a free and appropriate public education ("FAPE") and was thus

entitled to a remedy, it also found that the record lacked sufficient information to permit the Court to fashion an appropriate equitable and/or injunctive remedy within its authority under the IDEA.

Having reviewed the parties' supplemental briefing on the matter of relief, the Court concludes that, as the School District argues, this matter must be remanded to the Office of Administrative Law for a due process hearing on the remaining issues regarding remedies.  The entire framework established by the IDEA for seeking and obtaining relief for violations of the statute cast the district court in the role of a reviewing court.  Under the dispute resolution procedure established by the IDEA, a civil action may be initiated by "[a]ny party aggrieved by the findings and decision made under subsection (f) or (k)," that is, in the context of this suit, a party aggrieved by the decision made in a due process proceeding before an administrative law judge.  20 U.S.C. § 1415(i)(2)(A).  Third Circuit IDEA jurisprudence directs the district court adjudicating such a claim to conduct a modified *de novo* review of the administrative law judge's decision.  *S.H. v. State Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 270 (3d Cir. 2003).  Under this standard, the district court must make its own findings by a preponderance of the evidence while at the same time affording "due weight" to the ALJ's determination.  *Shore Regional High Sch. Bd. of Educ. v. P.S.*, 381 F.3d 194, 199 (3d Cir. 2004).  Nothing in the statute or the controlling jurisprudence suggests, however, that the Court is authorized to make primary findings of fact and legal conclusions as to critical issues regarding statutory violations and the relief, if any, that should be afforded to an aggrieved party.  Indeed, the evidence upon which the Court must make its decision is generally limited to the record of administrative proceedings. 20 U.S.C. § 1415(i)(2); Susan N. v. Wilson School Dist., 70 F.3d 751, 760-62 (3d Cir.1995)

(discussing limits of "additional evidence" clause); *see also Town of Burlington v. Dep't of Educ. for Commw. of Mass.*, 736 F.2d 773, 790 (1st Cir. 1984) (holding that "[a] trial court must make an independent ruling based on the preponderance of the evidence, but the [IDEA] contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial.").

In the case at bar, the issue of remedies was never reached by the administrative law judge who decided the parents' due process petition because he concluded that J.B. had not been deprived of a FAPE. The determination of an appropriate remedy in this case, however, requires development of the factual record. Reimbursement for a parent's unilateral private placement of the child, which is one of the key remedies sought by Plaintiffs here, cannot be ordered unless the Court finds that the placement was proper under the IDEA. *See Forest Grove Sch. Dist. v. T.A.*, 129 S.Ct. 2484, 2496 (2009); *Ridgewood Bd. of Educ. v. N.E.*, 172 F.3d 238, 248 (3d Cir. 1999). Moreover, the IDEA expressly provides that reimbursement to the parents for expenses associated with a unilateral placement may be reduced or denied if the parents' actions are found to be unreasonable. 20 U.S.C. § 1412(a)(10)(C)(iii)(III). Yet, the Court lacks any record whatsoever upon which to conclude that Plaintiffs' placement of J.B. at the Winston School, the private placement they selected, was appropriate and reasonable, and importantly in the context of the IDEA, upon which to review an administrative finding on the matter. The Court also lacks any basis on which to evaluate whether other remedies sought by Plaintiffs, such as ordering the School District to create an individualized education plan calling for J.B. to continue to receive education at the Winston School, is warranted under the IDEA.

The nature of the ALJ's decision truncated the administrative proceedings before a full exploration of Plaintiffs' case could be conducted.  Indeed, because the parties below agreed to proceed on cross-motions for summary judgment on the threshold issue of declassification and the motions were resolved in the School District's favor, no administrative hearing was ever held.  (The ALJ's prehearing order reflects, in fact, that a hearing was contemplated if necessary following motion practice.)  Because this civil action was filed after the ALJ issued a final decision on the due process petition, the IDEA's requirement that administrative remedies be exhausted before seeking relief in the district court is not directly implicated.  *See* 20 U.S.C. § 1415(i)(2).  The Court nevertheless finds the lack of development with regard to remedies presents an analogous situation in which the Third Circuit's observations about the rationale of the statute's exhaustion requirement is instructive.  The Third Circuit has held that "IDEA mandates resort in the first instance to administrative hearings so as to develop the factual record and resolve evidentiary disputes concerning, for example, evaluation, classification, and placement."  *W.B. v. Matula*, 67 F.3d 484, 496 (3d Cir. 1995), *abrogated on other grounds by A.W. v. Jersey City Public Sch.*, 486 F.3d 791 (3d Cir. 2007).  In this case, the Office of Administrative Law is the appropriate forum for development of the factual record and resolution of evidentiary disputes concerning reimbursement for past expenses, future placement of J.B., and other equitable and injunctive remedies sought by Plaintiffs.   The Court holds that this action must be remanded to the Office of Administrative Law for development of a full record, including findings of fact and conclusions of law, on the issue of remedies.

The Court, however, notes that Plaintiffs have argued that they are entitled to an award of attorneys' fees based on obtaining summary judgment in this IDEA action.  The statute

authorizes the Court to award reasonable attorneys' fees incurred in a civil action brought thereunder to a "prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).  While the Court lacks an adequate record upon which to fashion a remedy, Plaintiffs did in fact prevail on the sole IDEA claim presented, that is, whether the ALJ erred in holding that J.B. had been properly declassified as disabled.  In that regard, Plaintiffs are entitled to an award of reasonable attorneys' fees under the IDEA.  Thus, the Court will retain jurisdiction over this action for the limited purpose of accepting Plaintiffs' application for attorneys' fees.

Accordingly,

**IT IS** on this 23rd day of November, 2010,

**ORDERED** that the claims asserted by Plaintiffs in this action be and hereby are **REMANDED** to the Office of Administrative Law, State of New Jersey, for a due process hearing consistent with the foregoing Opinion and with the Court's August 3, 2010 Opinion and Order adjudicating the parties' cross-motions for summary judgment; and it is further

**ORDERED** that Plaintiffs shall submit an application for reasonable attorneys' fees, supported by affidavit(s) and any other relevant documentation; and it is further

**ORDERED** that the parties shall confer and agree upon a schedule for filing their respective papers in connection with Plaintiffs' attorneys' fees application.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge