<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| M.B. and K.H. o/b/o J.B., : | |
| : | Civil Action No. 09-5294 (SRC) |
| Plaintiffs, : | |
| : | **OPINION** |
| v. : | |
| : | |
| SOUTH ORANGE/MAPLEWOOD : | |
| BOARD OF EDUCATION, : | |
| : | |
| Defendant. : | |
| : | |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court upon the motion filed by Defendant, South Orange/Maplewood Board of Education ("Defendant" or the "School District") for a stay of this Court's Orders dated August 3, 2010 and November 23, 2010 pending Defendant's appeal of these orders to the United States Court of Appeal for the Third Circuit [docket entry 33]. Plaintiffs M.B. and K.H. ("Plaintiffs") have opposed the motion. For the reasons set forth below, the motion to stay will be denied.

I.  **BACKGROUND**

This case arose under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. The background of this case is amply set forth in the Court's Opinion of August 3, 2010 and, moreover, familiar to the parties. It suffices for purposes of the matter before the Court to note that by Order of August 3, 2010, the Court adjudicated the parties' cross-

motions for summary judgment, granting summary judgment in Plaintiffs' favor on their claim that the School District had not complied with the IDEA in declassifying their daughter as disabled and thus eligible for special education services. While the Court found that the record demonstrated that Plaintiffs' minor child J.B. had been deprived of a free and appropriate public education ("FAPE"), it also found that the record lacked sufficient information to permit the Court to fashion an appropriate equitable and/or injunctive remedy within its authority under the IDEA. The Court therefore entered an order granting Plaintiffs' summary judgment on liability (August 3, 2010 Order) and, following supplemental briefing on the matter of remedies, remanded the case to the Administrative Law Judge ("ALJ") for a due process hearing to develop facts concerning the remedy that should be fashioned for J.B.'s deprivation (November 23, 2010 Order).

**II.    DISCUSSION**

Motions to stay enforcement of final order pending appeal of that order are governed by Federal Rule of Civil Procedure 62. The orders the School District seeks to stay direct the parties to engage in certain conduct, in particular to proceed before the ALJ with further proceedings to determine remedies. When evaluating a motion for stay of such an order, courts in the Third Circuit have examined the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to of succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir.1991); *see also*

*St. John v. Affinia Group, Inc.*, No. 09-2501 (WJM), 2009 WL 1586503, at *2 (D.N.J. June 8, 2009) (applying factors in deciding motion to stay remand order pending appeal).

In this case, the School District has failed to satisfy the first factor.  The Court granted summary judgment to the Plaintiffs based its finding that the ALJ had committed a legal error in upholding the School District's declassification of J.B. as disabled.  In particular, the Court found that the ALJ's decision contravened federal and state regulations which prohibit reliance on any one test, formula or procedure for determining eligibility for services under the IDEA.  See August 3, 2010 Opinion at 13-15 [docket entry 18].   The record of stipulated facts, however, demonstrated that the School District's only stated basis for declaring J.B. ineligible was a computer program's analysis of her test scores.

The School District has argued that the Court applied the wrong standard of review to the ALJ's decision, contending that the Court made credibility determinations and questioned the facts to which the parties had stipulated.  The Court has reviewed its August 3, 2010 Opinion and finds that the School District's argument is not correct.  The Court based its summary judgment ruling on its determination that the ALJ misapplied the law governing eligibility determinations to the facts before him.  It properly applied the modified de novo standard of review applicable to IDEA cases.  *S.H. v. State-Operated Sch. Dist. of Newark*, 336 F.3d 260, 269-70 (3d Cir. 2003).  Likelihood of success on the merits of the appeal has not been established.

Accordingly, the School District has failed to demonstrate that a stay of the Orders of August 3, 2010 and November 23, 2010 is warranted pending appeal. The Court further notes that staying enforcement of the orders pending appeal will effectively deny Plaintiffs any relief in that it would further impeded her access to an appropriate education.

An appropriate form of Order will be filed.

> s/Stanley R. Chesler
> STANLEY R. CHESLER
> United States District Judge

DATED: March 23, 2011